UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHASE GRESHAM-COBLE on Behalf of Himself and All Others Similarly Situated,** § § § | | |
| **Plaintiff,** § § | | |
| v. § § | **CIVIL ACTION NO. 4:24-cv-02507** | |
| **COTTON PATCH CAFÉ, LLC,** § § | **JURY TRIAL DEMANDED** | |
| **Defendant.** § § § | | |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

1. The case implicates Defendant Cotton Patch Café, LLC's ("Defendant") violations of the Fair Labor Standards Act's ("FLSA") tip credit requirements. As a result, Defendant has failed to pay its employees at the mandated minimum wage rate for all hours worked. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. 216(b) on behalf of himself and all similarly situated workers as defined below.

## SUMMARY OF ACTION

2. Defendant pays its tipped employees, including servers and bartenders, below the minimum wage rate by taking advantage of the tip-credit provision of the FLSA. Under the FLSA, an employer of tipped employees may, under certain circumstances, pay its employees less than the minimum wage rate by taking a "tip credit" against the minimum wage requirement based upon the amount of tips the employees received from customers. *See, e.g., Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 721 (W.D. Tex. 2010).

3. However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. 203(m). An employer must advise an employee in advance of its use of the tip credit

1

pursuant to the provisions of section 3(m) of the FLSA. *See id.* stating (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee of the requirements under the FLSA, including: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; (4) that the worker must receive a minimum "tip credit" hourly rate for all hours worked, and (5) that the tip credit shall not apply to any employee who does not receive the notice.

4. Further, it is illegal for employers to require tipped employees to give up a portion of their tips to their employer or to ineligible employees, such as kitchen staff. *See, e.g., Bernal v. Vankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008); *see also Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999) (for "the work shifts in which salad mixers were included within the tip pool, the pooling scheme was illegal..."). "Where a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed the full $7.25 minimum wage and reimbursement of the amount of tips that were improperly utilized by the employer." DOL Fact sheet #15, https://www.dol.gov/whd/regs/compliance/whdfs15.pdf

5. Additionally, an employer must pay the minimum statutory hourly rate ($2.13 per hour under the FLSA).

6. Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See, e.g., Roussell v. Brinker Intern., Inc.,* No. 05 Civ. 3733, 2008 WL 2714079, at

*12 (S.D. Tex. July 9, 2008) ("An employer may take a tip credit for an employee that works 'dual jobs,' but only for the time the employee spends working in his "tipped employee" capacity.") (quoting 29 C.F.R. 531.56(e)); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties…such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work."); *Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017); *Osman v. Grube, Inc.,* No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017)(employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation).

7. Finally, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' work time or for a consecutive period of 30 minutes or more. *See, e.g.,* 29 C.F.R. § 531.56(f); *Driver v. AppleIllinois, LLC*, No. 06 Civ. 6149, 2012 WL 3716482, at *2 (N.D. Ill. Aug. 27, 2012) ("An employer may take a tip credit only for hours worked by [an] employee in an occupation in which [he] qualifies as a tipped employee."); *Fast v. Applebee's Int'l, Inc*., 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time."); *Marsh v. J. Alexander's, LLC,* 905 F.3d 610, 626-28 (9th Cir. 2018) (adopting 20% standard for dual jobs regulation and finding the DOL's opinion on dual jobs for tipped workers to be entitled to deference); *Flood v. Carlson Restaurants, Inc.*, No. 13 Civ. 6458 (AT), 2015 WL 1396257 (S.D.N.Y. Mar. 27, 2015) (denying Defendant's motion to dismiss explaining that the 20% standard is a reasonable interpretation of the FLSA and ultimately granting 216(b) notice); *Ide v.*

*Neighborhood Restaurant Partners, LLC*, No. 13 Civ. 509 (MHC), 2015 WL 11899143, at *6 (N.D. Ga., 2015) ("... a reasonable interpretation of § 531.56(e) is that [plaintiff] would be entitled to minimum wage if she spends more than twenty percent of her time performing related but non-tipped duties."); *Crate v. Q's Restaurant Group LLC*, 2014 WL 10556347, at *4 (M.D. Fla., 2014) ("[T]he Court concludes that the 20% rule clarifies the ambiguity contained in 29 C.F.R. § 531.56(e) by delineating how much time a tipped employee can engage in related, non-tip-producing activity before such time must be compensated directly by the employer at the full minimum wage rate.").

8. Defendant violated the FLSA in the following respects:

   a. **Violation for failure to inform:** Defendant failed to correctly inform Plaintiff of the desire to rely on the tip credit to meet its minimum wage obligations. In fact, Defendant failed to inform Plaintiff of the following: (1) the amount of the cash wage that is to be paid; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; (4) that the hourly rate paid cannot drop below the minimum tipped wage rate, and (5) that the tip credit shall not apply to any employee who does not receive the notice.

   b. **Violation for performing work unrelated to tipped occupation:** Plaintiff was required to perform improper types, and excessive amounts, of non-tipped work, including, but not limited to cleaning ledges, cleaning bathrooms, cleaning walls and items hanging on walls, cleaning window blinds, washing trays, washing silverware, washing dishes and/or glasses, and cleaning the kitchen.

   c. **Violation for performing non-tipped side work in excess of 20% of the time spent working in the week or for a continuous period of time during a shift**: Plaintiff was required to spend greater than 20% of his time and/or more than 30 consecutive minutes performing non-tip producing side work, including, but not limited to setting up tables, refilling condiments, stocking the serving line, stocking ice, rolling silverware, replacing soft drink syrup, cleaning booths, and cleaning menus, amongst other duties.

9. As a result of these violations, Defendant has lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly situated workers at the full minimum wage

rate, unencumbered by the tip credit, for all hours worked. In other words, Defendant must account for the difference between the wages paid to Plaintiff and all similarly situated workers and the minimum wage rate.

## SUBJECT MATTER JURISDICTION AND VENUE

10. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged. In particular, Plaintiff worked in this District and was denied wages in this District.

## PARTIES AND PERSONAL JURISDICTION

12. Plaintiff Gresham-Coble is an individual who worked for Defendant in Spring, Texas. His written consent to this action is attached hereto as Exhibit "A."

13. The Class Members are all current and former tipped workers who worked for Defendant and were paid an hourly rate less than the federal minimum wage for at least one week during the three-year period prior to the filing of this action to the present.

14. Defendant Cotton Patch Café, LLC. is a Texas limited liability company. Said Defendant may be served process by serving its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201.

15. Personal jurisdiction exists over Defendant because it is a Texas limited liability company with its principal place of business in Texas.

## COVERAGE

16. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

17. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

18. At all material times, Defendant has enjoyed yearly gross revenue in excess of $500,000.

19. At all material times, Plaintiff was an employee engaged in the commerce or the production of goods for commerce.

## FACTS

20. Defendant operates a chain of restaurants in Texas, New Mexico, and Oklahoma. Specifically, Defendant operates 48 locations across Texas, New Mexico, and Oklahoma. (See https://cottonpatch.com/locations/, last visited June 6, 2024).

21. At its restaurants, Defendant employs servers and bartenders. A server gathers orders from customers and delivers food and drinks to the customers. A server is paid an hourly wage by Defendant and receives tips from customers.

22. A bartender gathers orders from customers and prepares drinks for customers. A bartender is paid an hourly wage by Defendant and receives tips from customers.

23. However, Defendant paid these tipped workers less than the minimum wage.

24. Defendant attempted to utilize the tip credit to meet its minimum wage obligation to its tipped workers, including the Plaintiff and Class Members.

25. Plaintiff worked for Defendant as a server and bartender at the Cotton Patch Cafe in Spring, Texas. When he worked for Defendant he was paid less than the federal minimum wage.

Plaintiff worked for Defendant during the past three years. He worked from approximately August 2022 to July 2023.

26. The tip credit has a harmful effect on workers that threatens the health of the economy. Adasina Social Capital, a company representing investors with more than $538 billion in assets, has issued a letter large corporations operating restaurants advising of the ills of using the tip credit. (*See* https://adasina.com/investor-statement-in-support-of-ending-the-subminimum-wage/, last visited August 17, 2023). The letter states as follows:

> Tipped workers are the largest group paid a subminimum wage and represent approximately six million people in the United States. The restaurant industry by far employs the largest number of tipped workers, representing 13.6 million people.
>
> **Frozen at $2.13 per hour, a tipped subminimum wage worker can be paid as little as $4,430 per year for full-time work. As a result, in the 42 states that allow payment of a subminimum wage, tipped workers are more than twice as likely to live in poverty, and the rates are even higher for women and people of color.** The subminimum wage for tipped workers has risen little since it was enacted following the emancipation of slavery, a time when employer trade associations pushed to recoup the costs of free, exploited labor.

(*Id.*) (emphasis in original)

27. Given the harmful effects of the tip credit, there are strict requirements that must be met by an employer who seeks to utilize the trip credit to meet its minimum wage obligations.

28. In this case, Defendant did not satisfy the strict requirements to use the tip credit. Defendant maintained a policy and practice whereby they failed to provide Plaintiff and the Class Members with the statutorily required notice regarding (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, (4) that the hourly wage paid to the Plaintiff and Class Members could not be lower than the minimum tipped wage, (5) that they

cannot pay for any work related expenses, and (6) that the tip credit shall not apply to any employee who does not receive the notice, amongst other violations.

29.     Defendant also maintained a policy and practice whereby tipped employees were required to perform non-tip producing work unrelated to the employees' tipped occupation. As a result, Plaintiff and the Class Members were engaged in dual occupations while being compensated at the tip credit rate. While performing these unrelated duties, they did not interact with customers and could not earn tips.

30.     These duties include but are not limited to the following: cleaning ledges, cleaning bathrooms, cleaning walls and items hanging on walls, cleaning window blinds, washing trays, washing silverware, washing dishes and/or glasses, and cleaning the kitchen, amongst other activities that were not related to their tipped occupation.

31.     Defendant also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, in excess of 20 percent and/or for consecutive periods of time of more than 30 minutes, performing non-tip producing side work related to the employees' tipped occupation.

32.     Specifically, Defendant maintained a policy and practice whereby tipped employees, were required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to setting up tables, refilling condiments, stocking the serving line, stocking ice, rolling silverware, replacing soft drink syrup, cleaning booths, and cleaning menus, amongst other non-tip producing duties.

33.     Further, Defendant required Plaintiff and the Class Members to perform non-tip producing work prior to the opening of the restaurant, in the middles of their shifts, and after the restaurants closed. Indeed, Defendant required the Plaintiff and the Class Members to arrive prior

to the restaurants opening for business when there were no customers and no opportunity to earn tips, to perform manual labor cleaning and setup duties. Likewise, Defendant required the Plaintiff and Class Members to remain at the restaurants after they had closed for business and when there was no opportunity to earn tips, to perform manual labor cleaning duties. At times, they spent 31 minutes to two hours performing non-tip producing work before the restaurant was open, in the middle of their shifts, and after the restaurant was closed.

34. However, Defendant did not pay its tipped employees the full minimum wage rate for this work. The duties that Defendant required Plaintiff and the Class Members to perform were duties that are customarily assigned to "back-of-the-house" employees in other establishments, who typically receive at least the full minimum wage rate.

35. During Plaintiff's and the Class Members' employment, checklists were posted in Defendant's restaurants with numerous non-tipped duties that tipped employees were required to perform, in addition to serving customers.

36. When the tipped employees performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

37. Indeed, Defendant did not have a policy prohibiting tipped employees from performing certain types, or excessive amounts, of non-tipped work.

38. Defendant did not track or record the amount of time the tipped employees spent performing non-tipped work, even though Defendant were capable of doing so. Defendant's timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendant failed to track the specific tasks for Plaintiff or the Class Members.

39. Defendant uses a point-of-sale system to record hours worked by its tipped employees. Defendant then analyze the information collected by this system, including the labor

9

costs at each of the restaurants. Defendant's timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendant failed to track the specific tasks for Plaintiff and the Class Members.

40. In the point-of-sale system, Defendant can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

41. However, Defendant did not allow its tipped employees to clock-in at the full minimum wage rate when performing the non-tipped work described in this Complaint.

42. Defendant's managers at the restaurants were eligible to receive bonuses, in part, based on meeting or exceeding certain labor cost targets, which created an incentive to keep the amount paid to tipped employees low.

43. Moreover, Defendant violated the FLSA by not even paying the minimum "tipped" hourly rate. Defendant required its tipped employees to pay for items for their uniform, including pants, shorts, belts, and shoes. These clothing items were required to perform work for Defendant and were primarily for the benefit and convenience of Defendant. The costs for these items were not reimbursed by Defendant.

44. Because Defendant paid its tipped employees below the minimum wage rate, any week in which a tipped employee was required to pay for work related expenses for Defendant's business, his/her compensation fell below the applicable tipped wage rate, thereby negating Defendant's entitlement to claim the tip credit.

45. In other words, by requiring Plaintiff and the Class Members to pay for these work-related expenses, their hourly rates of pay were reduced. As a result, they were not even paid the minimum hourly rate necessary for Defendant to claim the tip credit.

46. Because Defendant violated the requirements to claim the tip credit, Defendant lost the right to take a credit toward its minimum wage obligation to Plaintiff and the Class Members.

47. As such, Plaintiff and the Class Members were not compensated at the federally mandated minimum wage.

48. Defendant knew or should have known that its policies and practices violate the law, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant acted knowingly, willfully, and/or with reckless disregard of the law carried and continue to carry out the illegal pattern and practice regarding its tipped employees as described in this Complaint. Defendant's method of paying Plaintiff and the Class Members was not based on a good faith and reasonable belief that its conduct complied with the law.

## **DUAL JOBS REGULATION**

49. On November 8, 2018, the Department of Labor issued opinion letter FLSA2018-27 which provided a new standard for interpreting the dual jobs regulation that was different than the "80/20" rule and prior Department of Labor opinion letters and guidance that had existed for the past approximately 30 years. However, nearly every court to have considered this opinion letter held that the opinion letter was not entitled to any deference given the sudden an unexpected change by the Department of Labor. *See, e.g., Callaway v. DenOne, LLC*, No. Civ. A. 1:18-cv-1981, 2019 WL 1090346 (N.D. Ohio Mar. 8, 2019); *Cope v. Let's Eat Out, Inc.*, 354 F. Supp. 3d 976 (W.D. Mo. 2019). *Spencer v. Macado's, Inc.*, 399 F. Supp. 3d 545, 552-53 (W.D. Va. 2019); *Flores v. HMS Host Corp.*, No. 8:18-cv-03312-PX, 2019 U.S. Dist. LEXIS 183906 (D. Md. Oct. 23, 2019).

50. Therefore, the Department of Labor announced its intention to revise the dual jobs regulation found in 29 C.F.R. § 531.56(e) and issued a notice of proposed rule-making on October

8, 2019. (*See* https://www.federalregister.gov/documents/2019/10/08/2019-20868/tip-regulations-under-the-fair-labor-standards-act-flsa).

51. After soliciting comments, the Department of Labor published its final rule on December 30, 2020, which had an effective date of March 1, 2021. (https://www.federalregister.gov/documents/2020/12/30/2020-28555/tip-regulations-under-the-fair-labor-standards-act-flsa). After delaying the effective date of the Final Rule. (https://www.dol.gov/agencies/whd/flsa/tips), on June 21, 2021, the Department of Labor announced "a notice of proposed rulemaking to limit the amount of non-tip producing work that a tipped employee can perform when an employer is taking a tip credit." (https://www.federalregister.gov/documents/2021/06/23/2021-13262/tip-regulations-under-the-fair-labor-standards-act-flsa-partial-withdrawal).

52. After soliciting more comments, the Department of Labor announced on October 28, 2021, the publication of a final rule (Tips Dual Jobs final rule). (https://www.dol.gov/agencies/whd/flsa/tips).

53. Under the Final Rule, an employer cannot take a tip credit for any of the time spent by a tipped worker performing any non-tipped work that exceeds 30 minutes. That is, when a tipped worker performs non-tipped work for a continuous period of time exceeding 30 minutes, the employer cannot claim the tip credit. This regulation provides additional guidance relating to the existing rule that a worker cannot perform non-tip generating work for excessive periods of time.

54. Here, Defendant illegally required Plaintiff and the Class Members to perform non-tip producing work for an excessive period of time. That is because Defendant required Plaintiff and the Class Members to perform non-tipped work 31 minutes to two hours before the restaurants

12

were open for business, throughout their shifts, and after they were closed, when the restaurants did not have customers and there was no opportunity to earn tips. During this time, Defendant paid below the minimum wage rate and forced the Plaintiff and Class Members to perform non-tip producing duties, as noted above.

55.     Given that Defendant failed to comply with the requirements to take the tip credit, Defendant have lost the ability to claim the tip credit and owe Plaintiff and the Class Members pay at the full minimum wage rate per hour for all hours they worked for Defendant.

*56.*     Even prior to the new dual jobs regulation being implemented in December 2021, the 80/20 Rule had been in place for 35 years. Indeed, the 80/20 Rule has been enforced by the Department of Labor's Wage and Hour Division since at least 1988 when it was first articulated in the Field Operations Handbook as a protocol for enforcing the dual jobs regulation (29 C.F.R. § 531.56) with respect to tipped employees, and it has withstood every attempt at being curtailed ever since. *See, e.g., Rafferty v. Denny's, Inc.*, 13 F. 4th 1166 (2021); *see also Callaway v. DenOne, LLC*, No. Civ. A. 1:18-cv-1981, 2019 WL 1090346 (N.D. Ohio Mar. 8, 2019); *Cope v. Let's Eat Out, Inc.*, 354 F. Supp. 3d 976 (W.D. Mo. 2019). *Spencer v. Macado's, Inc.*, 399 F. Supp. 3d 545, 552-53 (W.D. Va. 2019); *Flores v. HMS Host Corp.*, No. 8:18-cv-03312-PX, 2019 U.S. Dist. LEXIS 183906 (D. Md. Oct. 23, 2019)

*57.*     Moreover, the plain text of the FLSA states that a "[t]ipped employee" is "any employee <u>engaged in an occupation</u> in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. 203(t) (emphasis added). The legislative history of the 1974 amendments to the FLSA (page 43 of Senate Report No. 93-960, February 22, 1974), explains that the work of janitors and dishwashers is not tipped work and not eligible for the tip credit. That was precisely the type of work that Defendant assigned to Plaintiff and the Class Members.

58.     Moreover, the Department of Labor was given express authority from Congress to interpret the FLSA and the Department of Labor has always taken the position that the tip credit cannot be claimed when a tipped employee spends a substantial amount of time performing general preparation work or maintenance work. *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA–854 (Dec. 20, 1985) (stating "where the facts indicate that specific employees are routinely assigned to maintenance-type work or that tipped employees spend a substantial amount of time in performing general preparation work or maintenance, we would not approve a tip credit for hours spent in such activities.") This opinion is consistent with the legislative history of the FLSA and every circuit court that has considered the FLSA-854 opinion from the DOL has held that it constitutes a proper statement of the law under the FLSA. *See, e.g., Marsh v. J. Alexander's LLC*, 905 F.3d 610 (9th Cir. 2018).

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant as a tipped worker who was paid an hourly rate less than the federal minimum wage for at least one week during the three-year period prior to the commencement of this action to the present.

60.     Plaintiff has actual knowledge, through conversations with his co-workers that a collective of similarly situated workers exists who have been subjected to the same policies of Defendant with respect to the payment of the minimum wage.

61.     The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

62. Like Plaintiff, the Class Members were not given proper notice of the tip credit provisions and performed substantial work that was unrelated to their tip producing duties for a significant period of time.

63. Moreover, the Class Members were also subject to deductions and expenses that dropped their compensation below the minimum wage.

64. Plaintiff and the Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

65. Plaintiff and the Class Members had the same job descriptions, performed similar duties, used the same point of sale system, and were paid under the same pay system pursuant to companywide policies.

66. The names and address of the Class Members of the are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

67. Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

68. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former tipped employees who worked for Defendant and were paid an hourly rate less than the federal minimum wage rate for at least one week during the three-year period prior to the filing of this action to the present.**

## **CAUSE OF ACTION**

VIOLATION OF THE FAIR LABOR STANDARDS

FAILURE TO PAY THE MINIMUM WAGE

69. Plaintiff incorporates the preceding paragraphs by reference.

70. This count arises from Defendant's violation of the FLSA in connection with its failure to pay the minimum wages. *See* 29 U.S.C. § 206.

71. Plaintiff and the Class Members were paid hourly rates less than the minimum wage while working for Defendant.

72. Plaintiff and the Class Members were not exempt from the minimum wage requirements of the FLSA.

73. Defendant's failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiff and the Class Members being paid less than the minimum wage rate.

74. Defendant's failure to pay the minimum wage to Plaintiff and the Class Members, in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.  29 U.S.C. § 255(a).

## **WAGE DAMAGES SOUGHT**

75. Plaintiff and the Class Members are entitled to receive the difference between the minimum wage and the tip credit adjusted minimum wage for each hour they worked.

76. Plaintiff and the Class Members are entitled to liquidated damages.

77. Plaintiff and the Class Members are also entitled to recover their attorney's fees, costs and interest.

## **JURY DEMAND**

78.     Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## **PRAYER FOR RELIEF**

79.     For these reasons, Plaintiff respectfully requests that judgment be entered in his favor awarding him and the Class Members:

a.  Unpaid wages;

b.  Liquidated damages;

c.  Reimbursement for all expenses and wages wrongfully withheld;

d.  An order conditionally certifying this matter as a collective action;

e.  Reasonable attorney's fees, costs, and expenses of this action;

f.  Pre-judgment interest (to the extent liquated damages are not awarded) and post judgment interest; and

g.  Such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and in equity.

Respectfully submitted,

By: */s/ Don J. Foty*_____
      Don J. Foty
      Hodges & Foty, LLP
      Texas Bar No. 24050022
      4409 Montrose Blvd, Ste. 200
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116
      dfoty@hftrialfirm.com


              AND

      Anthony J. Lazzaro

17

                Ohio Bar No. 0077962
                (will apply for admission pro hac vice)
                Lori M. Griffin
                Ohio Bar No. 0085241
                (will apply for admission pro hac vice)
                The Lazzaro Law Firm, LLC
                The Heritage Building, Suite 250
                34555 Chagrin Boulevard
                Moreland Hills, Ohio 44022
                Phone: 216-696-5000
                Facsimile: 216-696-7005
                anthony@lazzarolawfirm.com
                lori@lazzarolawfirm.com

                ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS